**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSE L. INIGUEZ ARECHIGA, #Y66172,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00206-SMY** |
| | ) | |
| **JEFF WEHKING and DR. WHEALON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff Jose Iniguez Arechiga's Motion for Preliminary Injunction (Doc. 5) filed February 24, 2026. Plaintiff seeks an order requiring Centralia Correctional Center officials to send him to a neurosurgeon for evaluation and treatment of injuries he sustained in an assault at another facility on or around September 26, 2024. (Doc. 5, ¶¶ 1, 10). Dr. Whealon filed a response in opposition to the motion on September 14, 2026. (Doc. 42). Because Plaintiff is no longer housed at Centralia and Dr. Whealon is no longer employed there, the motion will be **DENIED**.

**Background**

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from his assault at Macon County Jail on September 26, 2024. (Doc. 1). He suffered serious injuries to his left eye socket and nasal cavities during the assault. Plaintiff received emergency medical treatment while he was still at the Jail. He then transferred to Graham Correctional Center, where he was seen by an optometrist and referred to an ophthalmologist for corrective surgery on or around October 15, 2024. No medical hold was placed on him. *Id.*

Plaintiff transferred to Centralia Correctional Center before undergoing surgery, and he was allegedly denied medical treatment there. Sometime in January 2025, an unknown staff member indicated that the medical referral would need to be re-processed at Centralia. In the meantime, Dr. Whealon met with Plaintiff several times to discuss his ongoing symptoms. Dr. Whealon prescribed Tylenol for headaches and eye drops for vision problems, but Plaintiff claims this treatment did not help. His nose healed improperly and obstructed his breathing. His headaches, eye pain, and vision problems persisted. Even so, he was not sent to a specialist. *Id.*

More than a year later, Plaintiff filed a Complaint (Doc. 1) and Motion for Preliminary Injunction (Doc. 5) on February 24, 2026. The Court screened this matter under 28 U.S.C. § 1915A and allowed one claim to proceed against the prison's medical director and physician:

> **Count 1:** Eighth Amendment claim against Dr. Whealon for exhibiting deliberate indifference to Plaintiff's facial, nasal, and eye injuries and his related symptoms of pain, headaches, vision issues, and sleeplessness at Centralia.

(Doc. 14). Warden Jeff Wehking was included as a defendant in an official capacity for purposes of carrying out any injunctive relief ordered herein. *Id.*

In Plaintiff's Motion for Preliminary Injunction filed February 24, 2026, he seeks an order requiring Defendants to send him to a neurosurgeon for evaluation "as ALREADY ORDERED by Defendant Dr. Whealon in around January of 2025." (Doc. 5, ¶ 10) (emphasis in original). Dr. Whealon entered an appearance in this matter on August 6, 2026, and filed a response in opposition to the motion on September 14, 2026, *see* Docs. 27, 29, 30, and 42. In his Response, Dr. Whealon states that he no longer serves as Centralia's physician or medical director and that he left his employment at Centralia and the Illinois Department of Corrections (IDOC) on March 6, 2026 (Doc. 42, p. 5). He has not treated Plaintiff during the pending action and lacks authority to do so

now. In addition, Dr. Whealon advises the Court that Plaintiff is no longer housed at Centralia; he transferred to Stateville Correctional Center and is currently on work release. *Id*. at 1.[1]

**Discussion**

A preliminary injunction may issue only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a). A plaintiff seeking this relief must demonstrate that (1) he has some likelihood of prevailing on the merits of his claim; (2) he will suffer irreparable harm if he does not obtain the requested relief; and (3) traditional legal remedies are inadequate. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If the plaintiff makes this showing, the court must then balance the harm that will be caused to Plaintiff if the preliminary injunction is denied with the harm Defendant will suffer if the relief is granted. *Id*. at 817-18.

Plaintiff is no longer housed at the facility where his claim arose. According to public records, he transferred from Centralia to Stateville Correctional Center and is now at Crossroad Community Correction Center on work release. When a prisoner seeking injunctive relief for conditions at a particular prison is transferred to another facility without the realistic possibility of return, his request for relief becomes moot. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Thus, Plaintiff's transfer from Centralia to Stateville renders his request for injunctive relief against defendants at the prior facility moot.

[1] After receiving notice that Dr. Whealon left his employment at Centralia in March 2026, the Court ordered Plaintiff to show cause why the pending motion should not be denied as moot, given Dr. Whealon's lack of authority to treat him. (Doc. 36). Alternatively, the Court invited Plaintiff to supplement his motion, if the denial of his treatment is ongoing and/or involves different staff. The Court set a response deadline of September 14, 2026 and warned Plaintiff that his failure to respond could result in the denial of his pending motion. Plaintiff missed the deadline and did not seek an extension of time to respond. *Id*.

Moreover, Dr. Whealon is no longer employed at Centralia and lacks authority to evaluate or treat Plaintiff, even if Plaintiff transferred back to that prison. In fact, both defendants now lack control of Plaintiff's custody and care at Centralia. As such, a preliminary injunction issued against Dr. Whealon will afford Plaintiff no relief.

**<u>Disposition</u>**

For the forgoing reasons, Plaintiff Jose Iniguez Arechiga's Motion for Preliminary Injunction (Doc. 5) is **DENIED.** Defendants' Motion to Seal Document 43 is **GRANTED**.

**<u>ORDER TO SHOW CAUSE</u>**

Because Plaintiff has failed to update his address with the Court in violation of the Court's Orders at Docs. 8 and 14 and the Court has not heard from him since the date he filed this lawsuit, it is unclear whether Plaintiff intends to pursue his claim against Dr. Whealon. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed based on his failure to comply with this Court's Orders to update his address (*see* Docs. 8 and 14) and his failure to prosecute his claims (*see* Doc. 36) herein. Plaintiff's response to this Order to Show Cause is due on or before **OCTOBER 13, 2026.** He must also provide the Court with his current address. **<u>Plaintiff is WARNED that failure to comply with this Order by the deadline will result in dismissal of the entire action for non-compliance with the Court's Orders and for failure to prosecute his claims. *See* FED. R. CIV. P. 41.</u>**

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**Staci M. Yandle**
**Chief U.S. District Judge**